**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ROY HOROWITZ, LINDA LARSON, KEMPTEN POLLARD, KATHERINE SEAMAN, and KATHLEEN SWEENEY, Plaintiffs, v. AT&T INC., AT&T CORP., AT&T SERVICES, INC., and AT&T MOBILITY SERVICES LLC, Defendants. | Civil Action No. 3:17-cv-4827-BRM-LHG<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion for Reconsideration (ECF No. 65) filed by Plaintiff Katherine Seaman ("Seaman"),[1] pursuant to Local Civil Rule 7.1 seeking reconsideration of the April 25, 2018 Order and Opinion (ECF Nos. 61 and 62), which dismissed her collective action allegations. In the alternative, she also seeks certification for interlocutory appeal. Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below, and for good cause shown, the Motion is **DENIED**.

---

[1] While there are several Plaintiffs named in the Complaint, the Motion for Reconsideration only involves Seaman.

1

**I.     BACKGROUND**

The underlying facts are set forth at length in the Court's April 25, 2018 Opinion (ECF No. 61), from which Seaman seeks reconsideration. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual and procedural background of this dispute.

**II.    LEGAL STANDARD**

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *Dunn v. Reed Grp., Inc.*, No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010).[2] The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)). In that regard, the Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* Accordingly, an order or judgment may only be altered or amended if the party seeking

---

[2] Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b). *Id.* For the same reasons that Seaman's motion is denied on the merits under the Local Rule, it is denied under the Federal Rules. *See Holsworth v. Berg*, 322 F. App'x 143, (3d Cir. 2009) (construing motion for reconsideration as the functional equivalent of a Rule 59(e) motion to alter or amend a judgment which requires either "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice.").

reconsideration shows at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014). The Third Circuit has defined "new evidence" for purposes of a motion for reconsideration:

> [N]ew evidence, for reconsideration purposes, does not refer to evidence that a party submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration.

*Blystone*, 664 F.3d at 415-16 (citations omitted). Additionally, a court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.*

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28,

2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

## III. DECISION

### A. Seaman's Right to Participate in a Collective Action

Seaman moves for reconsideration of the Court's dismissal of her collective action allegations. (ECF No. 65 at 1.) She argues: (1) she has articulated facts that plausibly demonstrate that the General Release's Class, Collective or Representative Action Waiver is unenforceable; (2) the Court's prior decision overlooked her argument that a severance agreement's waiver of right to proceed collectively is per se unenforceable; and (3) that the Court's prior ruling "is clear error of law and invites intentional evasion of the OWNPA's protections against abusive waiver practices." (ECF No. 65 at i.) Defendants argue Seaman's Motion for Reconsideration "is just a repackaged version of the arguments originally advanced." (ECF No. 73 at 3.) Specifically, they argue "[t]hey do not identify any intervening change in controlling law or new evidence." (*Id.*)

The Court agrees with Defendants. Seaman's Motion does not assert there has been an intervening change in the controlling law or that there is new evidence available that was not available when the Court issued prior Opinion. Instead, Seaman's Motion is merely an attempt to cloak mere disagreement of the Court's prior Opinion with arguments of "clear error" and "manifest injustice."

Seaman's first argument is that the Court "overlook[ed]" facts demonstrating that the waiver was unenforceable on its face because it was entered into unknowingly or unconscionably. (ECF No. 65 at 2.) The Court did, in fact, consider that argument and held: "Even assuming, as the Court must for purposes of the Motion to Dismiss, that the General Release and Waiver did

not satisfy the specific requirements of the OWBPA, Seaman only retains the right to bring an individual ADEA action against Defendants." (ECF No. 61 at 39-40.) The Court further acknowledged and dismissed Seaman's argument that it should not dismiss her class action claims because the waiver was fraudulent and part of an overall illegal scheme to defraud. Specifically, the Court held that the fact that Defendants failed to comply with the OWDPA, did not suggest the class action waiver was also entered into fraudulently. The Court properly noted Seaman failed to articulate any facts demonstrating that the remainder of the General Release and Waiver was entered into involuntarily or unknowingly or was unconscionable. (*Id.* at 40-41.) Seaman's "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (citation omitted). In addition, her "[m]ere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process." *Schiano*, 2006 WL 3831225, at *2 (citations omitted).

Seaman's second argument is that this Court "overlooked" the argument that a severance agreement's waiver of the right to proceed collectively on an ADEA claim is per se unenforceable. (ECF No. 65 at 4.) Seaman argues that the class action waiver is unenforceable for reasons set forth in *Killion v. KeHE Distibutors, LLC*, 761 F.3d 574, 606 (6th Cir. 2014), which held "a plaintiff's right to participate in a collective action cannot normally be waived" unless an "arbitration clause is involved."

However, the Supreme Court has enforced waivers of a plaintiff's right to proceed collectively. *See Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2310 (2013); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991). Moreover, two courts within the Third Circuit have rejected *Killion* and upheld class waivers in contracts that did not include arbitration provisions. *See Kubischta v. Schlumberger Tech Corp*, No. 15-1338, 2016 WL 3752917, at *7

5

(W.D. Pa. July 14, 2016) ("This Court is not persuaded by the reasoning of the Sixth Circuit Court of Appeals in *Killion*. Instead, the Court looks to [*Korea Week Inc. v. Got Capital, LLC*, No. 15-6351, 2016 WL 3049490 (E.D. Pa. May 27, 2016)], where the U.S. District Court for the Eastern District of Pennsylvania found class action waivers outside of an arbitration agreement to be enforceable, thereby rendering plaintiffs inadequate class representatives.") In addition, other circuit and district courts have declined to follow *Killion*. *See Convergys Corp. v. Nat'l Labor Relations Bd.*, 866 F.3d 635, 638, n.6 (5th Cir. 2017); *Mark v. Gawker Media LLC*, No. 13-4347, 2016 WL 1271064, at *6 (S.D.N.Y. Mar. 29, 2016); *Benedict v. Hewlett-Packard Co.*, No. 13-00119, 2016 WL 1213985, at *5 (N.D. Cal. Mar. 29, 2016); *Serrano v. Globe Energy Serv., LLC*, No. 15-CV-00170, 2016 WL 7616716, at *5 (W.D. Tex. Mar. 3, 2016). Therefore, the Court's prior Opinion is clearly supported by substantive law and cannot be considered contrary to law or a "clear error of law."

Seaman's last argument is that "[e]ven if the federal right to proceed collectively on an ADEA claim is waivable, a post-dispute collective action waiver outside of the arbitration context given to works terminated in a group layoff must comply with the OWBPA for that waiver to be enforceable." (ECF No. 65 at 6-9.) Again, the Court did not "overlook" this argument. Indeed, the Court addressed that argument and found:

> Even assuming, as the Court must for purposes of this Motion to Dismiss, that the General Release and Waiver did not satisfy the specific requirements of the OWBPA, Seaman only retains the right to bring an individual ADEA action against Defendants. The remaining portions of the General Release and Waiver remain enforceable, such as the Class, Collective and Representative Action Waiver. *See Oubre*, 522 U.S. at 427–28 ("Since Oubre's release did not comply with the OWBPA's stringent safeguards, it is unenforceable against her insofar as it purports to waive or release her ADEA claim."); *Branker v. Pfizer, Inc.*, 981 F. Supp. 862, 867 (S.D.N.Y. 1997) (stating that noncompliance with the minimum requirements of the OWBPA

6

> would only "invalidate a release of those claims . . . failure to comply with the OWBPA cannot invalidate release of . . . claims under the NYCHRL and NYSHRL claims, as well as the claim of intentional infliction of emotional distress"). Because § 626(f)'s "waiver" refers only to waiver of substantive ADEA rights or claims—not the "right" to proceed in a class action, Seaman's collective action allegations are dismissed because she waived her rights to pursue them.
>
> Plaintiffs reliance on *Oubre* and *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) for the proposition that the class action provision in unenforceable is misplaced. In fact, in *Oubre*, the Supreme Court held that a waiver of substantive rights to bring an ADEA claim was invalid because it did not comply with the OWBPA's waiver requirements. *Oubre*, 522 U.S. at 428. In *Hoffmann-La Roche*, the Supreme Court held that district courts have the discretion in ADEA actions to facilitate notice to potential plaintiffs' and that plaintiffs can discover the names and addresses of discharged employees. *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. at 174. Neither decision found that the OWBPA's waiver requirements applied to procedural rights.

(ECF No. 61 at 39-40.) "It is improper on a motion for reconsideration to ask the Court to rethink what it has already thought through, whether rightly or wrongly." *S.C. ex rel. C.C. v. Deptford Tp. Bd. of Educ.*, 248 F. Supp. 2d 368, 381 (D.N.J. 2003) (citation omitted). In essence, Seaman merely disagrees with the Court's previous decision and is attempting to relitigate the issues previously decided in the Aril 25, 2018 Opinion and Order. This is not a valid basis for a motion for reconsideration. *See Blystone*, 664 F.3d at 415 (expressly forbidding the use of a motion for reconsideration to relitigate a motion). Accordingly, Seaman's Motion for Reconsideration it **DENIED**.[3]

---

[3] To the extent Seaman argues Defendants' reliance on the class action waiver should be treated as an affirmative defense, Seaman put the class action waiver at issue in this litigation in her Complaint. (*See* ECF No. 1 at 3 ("Although AT&T tells the terminated older workers that the "General Release and Waiver" releases all claims and rights to bring a class . . . action, including under the [ADEA], AT&T knows that its representation is false because the general Release and Waiver is plainly invalid and unenforceable under the amendment to the ADEA specifically aimed at protecting older works by imposing strict and unqualified statutory strictures on waivers

7

### B. Interlocutory Review

Seaman seeks permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292, as to the question of:

> Is a waiver in which an older worker who was terminated in a group layoff agrees not to bring, maintain or participate in any ADEA collective action or representative action enforceable when it is contained in a post-dispute release agreement which does not contain a mandatory arbitration clause and which also contains an ADEA claims waiver?

(ECF No. 65 at 9.)

Section 1292(b) provides interlocutory appeals of a district court order may be granted when the following three requirements are met: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; (3) and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). The party moving for certification bears the burden of establishing the requirements under § 1292. *See e.g., Meyers v. Heffernan*, No. 12-2434, 2014 WL 7336792, at *1 (D.N.J. Dec. 22, 2014). Nonetheless, the decision to certify an interlocutory appeal is within the discretion of this Court even if all three statutory elements are met. *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976) (citation omitted). Due to the strong policy against piecemeal litigation, motions for interlocutory appeals should be granted "sparingly." *Kapossy v. McGraw–Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996).

Notably, "even if the district court finds that a moving party demonstrates all three mandatory criteria set out in section 1292(b), it may deny certification in its discretion." *Prime Capital Grp., Inc. v. Klein*, No. A. 07-414, 2008 WL 4279563, at *1 (D.N.J. Sept. 15, 2008);

---

([OWBPA])."").) Defendants have the right to respond to Seaman's pleading without asserting it as an affirmative defense.

*Barrios v. Suburban Disposal, Inc.*, 2014 WL 3058516 (D.N.J. July 7, 2014) (citations omitted) ("The decision whether or not to grant certification is entirely within the district court's discretion, and even if all three criteria under Section 1292(b) are met, the district court may still deny certification."). Because the question Seaman seeks to certify for interlocutory appeal was based on the erroneous assumption that the Court "overlooked" certain case law and facts, and the Court has now clarified the Opinion herein, Seaman's request is **DENIED**.

**IV.    CONCLUSION**

For the reasons set forth above, the Seaman's Motion for Reconsideration (ECF No. 65) is **DENIED.**

**Date:** January 2, 2019                     */s/ Brian R. Martinotti*
                                              **HON. BRIAN R. MARTINOTTI**
                                              **UNITED STATES DISTRICT JUDGE**